# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 10, 2017

* * * * * * * * * * * * * *

| | | |
|---|---|---|
| SHARLEE FUNAI, | * | No. 16-807V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Reasonable |
| AND HUMAN SERVICES, | * | Amount Requested; Unopposed. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * *

<u>Diana L. Stadelnikas</u>, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.
<u>Alexis B. Babcock</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 7, 2016, Sharlee Funai ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). In an amended petition filed on August 19, 2016, Petitioner alleged that the influenza ("flu") vaccine administered on September 17, 2013 caused "adverse effects." Decision 1, ECF No. 26. On April 24, 2017, Petitioner filed a motion to dismiss her claim. *Id.* On April 25, 2017, the undersigned dismissed Petitioner's claim for insufficient proof. *Id.* at 2.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On July 13, 2017, Petitioner filed an unopposed motion for attorneys' fees and costs. Mot. Att'ys' Fees, ECF No. 29. Petitioner requested a total of $11,071.26. *Id.* at 2. Respondent indicated that he "does not object to the overall amount requested," but noted that the "lack of objection should not be construed as an admission, concession, or waiver as to . . . the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.* at 1-2.

The undersigned has reviewed Petitioner's motion and finds the amount requested reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $11,071.26,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Diana L. Stadelnikas, of Maglio Christopher & Toale, PA.[4]** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] This check shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).